UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| David S. Young and Joan E. Young as Guardians of the Person and Estate of Jonathan Matthew Young )<br><br>v. )<br><br>Lakeview NeuroRehabilitation Center, Inc. ) | Docket No:   1:06-cv-475-PB |

**COMPLAINT**

NOW COME David S. Young and Joan E. Young as Guardians of the Person and Estate of Jonathan Matthew Young, and complain against Lakeview NeuroRehabilitation Center, Inc. and say:

**I.   PARTIES**

1. Plaintiffs, David S. Young and Joan E. Young are Guardians of the Person and Estate of their son, Jonathan Matthew Young ("Jonathan"), under the law of the State of Pennsylvania.  They are residents of the State of Pennsylvania and reside at 464 Ridge Avenue, Ephrata, PA 17222-2559.

2. Defendant, Lakeview Rehabilitation Center, Inc. ("Lakeview"), is a New Hampshire corporation with an actual street and mailing address of 101 Highwatch Road, Effingham Falls, NH 03814.  Its registered agent is John V. Daly of One New Hampshire Ave., Suite 350, Portsmouth, NH 03801.

**II.   JURISDICTION**

3. This Court has original jurisdiction of this action under 28 USC 1332(a).  The plaintiffs are residents and citizens of Pennsylvania.  The defendant is a resident and citizen of New Hampshire.  The amount in controversy is in excess of $1,000,000. plus interest and costs.

**III.   VENUE**

4. Venue is proper in New Hampshire under 28 USC 1391(a).  Jurisdiction is founded on diversity of citizenship.  The defendant is located in the State of New Hampshire.

**IV.   STATEMENT OF FACTS**

5.     Jonathan is an incapacitated person residing at the plaintiffs' home and under the plaintiffs' care in Ephrata, Pennsylvania. Jonathan's date of birth is January 3, 1972. His present age is 34 years.

6.     In December, 2003, defendant took responsibility for the care and treatment of Jonathan at defendant's rehabilitation facility in Effingham Falls, New Hampshire with the commitment and undertaking of improving Jonathan's care and condition and his ability to live and function at home.

7.     On or about December 21, 2003, defendant, which was responsible for the care and treatment of Jonathan, disregarded its care and responsibility for Jonathan and lost sight and control over him, losing him into the wilderness where he was later recovered by the New Hampshire Fish and Game Department in a near death condition.

8.     Defendant failed to supervise or oversee Jonathan, misled him into thinking that he had to leave, and is responsible for the episode when he left defendant on his own and got lost in the woods, inadequately dressed, in midwinter. He was hypothermic when found and might have perished if he had been out there much longer. The crisis was a turning point in his downhill deterioration under defendant's care. This event alone is a serious breach of defendant's duty of care with significant adverse consequences.

9.     Defendant thereafter maintained control over Jonathan until he was removed from its care by plaintiffs in October 2005. Earlier in 2005, defendant was informed by Jonathan's insurer that it was removing health coverage and revoking coverage for earlier time periods at which point defendant endeavored to compel Jonathan to be discharged in inappropriate ways and with inappropriate provisions.

10.    When Jonathan was released from defendant to Dartmouth Hitchcock Medical Center upon the direction of plaintiffs and finally left defendant, he came with significant immediate problems that indicated a serious lack of care at defendant. He was weak and emaciated, had lost 60 pounds, had dental problems, was toxic on lithium, and was not urinating properly.

11.    The care and treatment rendered to Jonathan at the facilities he was in, after leaving the care of defendant, have done for him what defendant was supposed to do, restoring him to a condition where he can live satisfactorily at home, which he is now doing. This demonstrates beyond dispute that defendant both misdiagnosed and mistreated him. Defendant's advocacy that he be committed to a psychiatric facility where he would be warehoused for life without treatment was totally inconsistent with his condition and needs and defendant's responsibility.

12.    Defendant chose to serve as a warehouse for Jonathan as long as the insurance payments continued, giving him no treatment except an inappropriate level of medication. As

soon as the insurance company questioned whether he was being treated, defendant wanted to dump him and made considerable efforts in that regard. Most of his subsequent treatment that has led to his rehabilitation has been paid for by insurance. Defendant's bills have subsequently been substantially paid by insurance.

13. Upon plaintiffs' achieving the discharge of Jonathan from the defendant, and the analysis and treatment of him thereafter, Jonathan has greatly improved to the recovery point that he had before the treatment and mistreatment by defendant. He now lives at home with the plaintiffs, travels with them in the area, visits shops and businesses, engages in use of various materials including computers, visits the library and restaurants, bakes cookies, and anticipates the possibility of limited commitments to working.

### V.  COUNT I–ACTION FOR MEDICAL INJURY

14. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 13 above.

15. Defendant failed to meet the standards of acceptable professional practice in the medical care of Jonathan in violation of its professional and specialty responsibility, and failed to act in accordance with applicable standards, in the particulars set forth above and hereafter, without limitation of other particulars that may be apparent upon review of the records of treatment of Jonathan or other information. In particular:

   A. Defendant violated its standard of care in losing control of Jonathan and allowing him to be lost, inadequately clothed, into the wilderness in cold winter conditions that caused him to incur near-death injuries.

   B. Defendant misevaluated Jonathan as subject to psychiatric injury and advocated warehousing him in a permanent commitment of him to facilities that would do little to improve his condition.

   C. Defendant kept Jonathan under its care as long as it was receiving insurance coverage for his care and attempted to illegally dump and discharge him upon losing insurance coverage for his continued care.

   D. Defendant improperly applied medications limiting Jonathan's recovery and activity.

   E. Defendant improperly attempted to illegally dump Jonathan at unsuitable facilities or without facilities to care for him.

   F. Defendant advocated turning Jonathan into permanent institutional care that would not treat or improve his condition.

16. Defendant has medically injured Jonathan in negligence toward Jonathan in, without limitation, the particulars set forth above.

17. Jonathan has been injured as a result of defendant's negligence in his near death and physical injury in the wilderness, and in other particulars including, without limitation, those set forth above.

18. Jonathan has been injured as a result of the defendant's negligence. The amount in controversy is in excess of $1,000,000. plus interest and costs.

VI. **COUNT II–BREACH OF CONTRACT**

19. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 18 above.

20. Defendant has breached its contractual responsibilities for care of Jonathan including, without limitation, those particulars set forth hereinabove.

21. Jonathan has been injured as a result of the defendant's breach of contract. The amount in controversy is in excess of $1,000,000. plus interest and costs.

VII. **COUNT III–NEGLIGENCE**

22. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 21 above.

23. Defendant has been negligent in its evaluation, care, and treatment of Jonathan.

24. Jonathan has been injured as a result of the defendant's negligence. The amount in controversy is in excess of $1,000,000. plus interest and costs.

VIII. **TRIAL BY JURY**

25. Plaintiffs demand a trial by jury on all issues triable by jury.

Wherefore Plaintiffs pray that the Honorable Court:

A. Award them damages for all injuries, costs, and losses resulting from the defendant's conduct;

B. Award them interest, costs and attorney's fees;

C. Such other and further relief as may be just.

                                            Respectfully submitted,

                                            David S. Young and Joan E. Young as Guardians of the Person and Estate of Jonathan Matthew Young

                                            By their attorneys:

                                            D'Amante Couser Steiner Pellerin, PA


Date:   December 19, 2006          /s/ Richard B. Couser
                                                  Richard B. Couser
                                                  NH Bar No.519
                                                  Nine Triangle Park Drive
                                                  P.O. Box 2650
                                                  Concord, NH 03302-2650
                                                  (603)-224-6777
                                                  (603)-224-6696 - Fax